# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

**KIBWE RAYFORD, JR.,**                      CASE NO. 3:25 CV 388

    Plaintiff,

    v.                                          JUDGE JAMES R. KNEPP II

**DISCOVER BANK,**

    Defendant.                     **MEMORANDUM OPINION AND ORDER**

### INTRODUCTION

Currently pending before the Court in Defendant Discover Bank's Motion to Compel Arbitration and Stay Proceedings. (Doc. 8). *Pro se* Plaintiff Kibwe Rayford, Jr. has not filed a response, and the time in which to do so has expired. *See* N.D. Ohio Local Civ. R. 7.1(d). Jurisdiction is proper under 28 U.S.C. §§ 1331 and 1332. For the reasons set forth below, the Court grants Defendant's motion.

### BACKGROUND

In his Complaint, Plaintiff alleges he "is/was a customer of Defendant" and his account was sent to collections. (Doc. 1-1, at 5). He asserts he followed Defendant's instructions and "attempted to pay his bill with the agreement of keeping his account away from collections." *Id.* He asserts he found out on January 27, 2025, that his account was closed and sent to collections, despite having made arrangements with Defendant for payment and his account not to be closed. *Id.* He brings claims under federal and Ohio law including claims for false advertising and fraudulent misrepresentation. *Id.* at 4.

Plaintiff seeks one hundred million dollars, "an elimination of 'all debit and history' in relation to" his account, inclusive of damage to his credit score. *Id.* at 5.

Defendant removed the case to this Court from the Lucas County Court of Common Pleas, where it was originally filed. (Doc. 1). Defendant then filed an Answer (Doc. 7) and the currently-pending Motion to Compel Arbitration (Doc. 8). Defendant attaches a declaration of Janusz Wantuch, Vice President Credit Management, in support of its motion. *See* Doc. 8-1. To his declaration, Wantuch attaches records related to Plaintiff's credit card account history with Defendant. *See id.* Included therein is a Cardmember Agreement for Plaintiff's account which contains an arbitration agreement. *See id.* at 4; 14. The agreement provides:

> **Agreement to arbitrate.** In the event of a dispute between you and us arising out of or relating to this Account or the relationships resulting from this Account or any other dispute between you or us ("Claim"), either you or we may choose to resolve the Claim by binding arbitration, as described below, instead of in court. Any Claim (except for a claim challenging the validity or enforceability of this arbitration agreement, including the Class Action Waiver) may be resolved by binding arbitration if either side requests it. THIS MEANS IF EITHER YOU OR WE CHOOSE ARBITRATION, NEITHER PARTY SHALL HAVE THE RIGHT TO LITIGATE SUCH CLAIM IN COURT OR TO HAVE A JURY TRIAL. ALSO DISCOVERY AND APPEAL RIGHTS ARE LIMITED IN ARBITRATION. Even if all parties have opted to litigate a Claim in court, you or we may elect arbitration with respect to any Claim made by a new party or any new Claims later asserted in that lawsuit. This Arbitration Provision does not apply if, on the date you submit your Application or on the date we seek to invoke our arbitration provision, you are a member of the Armed Forces or a dependent of such a member covered by the federal Military Lending Act. If you would like more information about whether you are covered by the Military Lending Act, please contact us at 1-844-DFS-4MIL (1-844-337-4645) or if you are calling from outside the US at +1-801-451-3730.
>
> \* \* \*
>
> **Governing Law and Rules.** This arbitration agreement is governed by the Federal Arbitration Act (FAA). Arbitration must proceed only with the American Arbitration Association (AAA) or JAMS. The rules for the arbitration will be those in this arbitration agreement and the procedures of the chosen arbitration organization, but the rules in this arbitration agreement will be followed if there is disagreement between the agreement and the organization's procedures. If the

> organization's procedures change after the claim is filed, the procedures in effect when the claim was filed will apply.

(Doc. 8-1, at 14).

## STANDARD OF REVIEW

A motion to compel arbitration is governed by the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1, *et seq.*, which provides that "'[a] party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition' for an order compelling arbitration." *Wallace v. Red Bull Distrib. Co.*, 958 F. Supp. 2d 811, 816 (N.D. Ohio 2013) (quoting 9 U.S.C. § 4). The Sixth Circuit has set forth four tasks a court must engage in when considering a motion to stay proceedings and compel arbitration:

> First, it must determine whether the parties agreed to arbitrate; second, it must determine the scope of that agreement; third, if federal statutory claims are asserted, it must consider whether Congress intended those claims to be nonarbitrable; and fourth, if the court concludes that some, but not all, of the claims in the action are subject to arbitration, it must determine whether to stay the remainder of the proceedings pending arbitration.

*McGee v. Armstrong*, 941 F.3d 859, 856 (6th Cir. 2019) (quoting *Stout v. J.D. Byrider*, 228 F.3d 709, 714 (6th Cir. 2000)). "[A]ny ambiguities in the contract or doubts as to the parties' intentions should be resolved in favor of arbitration." *Stout*, 228 F.3d at 714 (citation omitted).

If the validity of the agreement to arbitrate is "in issue," the court must proceed to a trial to resolve the question. 9 U.S.C. § 4. However, in order to establish that the validity of the arbitration agreement is "in issue," the party opposing arbitration bears the burden of proving that there is a "genuine issue of material fact as to the validity of the agreement to arbitrate." *Great Earth Cos. v. Simons*, 288 F.3d 878, 889 (6th Cir. 2002). This burden "mirrors that required to withstand summary judgment in a civil suit." *Id.* Accordingly, a court must, viewing the facts in the light most favorable to the non-moving party, determine "whether the evidence presented is such that a

3

reasonable finder of fact could conclude that no valid agreement to arbitrate exists." *Id.*; *see also Danley v. Encore Cap. Grp., Inc.*, 680 F. App'x 394, 397 (6th Cir. 2017).

## DISCUSSION

Defendant moves to compel arbitration pursuant to the Federal Arbitration Act, 9 U.S.C. §§ 1, *et seq.*, asserting Plaintiff's claims arise out of or relate to his credit card account with Defendant and fall within the scope of the cardmember arbitration agreement. (Docs. 8, 8-3). Plaintiff has presented no argument or evidence in opposition.

First, Plaintiff, by virtue of his lack of response, has not disputed the validity of the arbitration agreement. *Great Earth Cos.*, 288 F.3d at 889.

Second, the Court finds Plaintiff's claims fall within the scope of the arbitration agreement which requires arbitration of "a dispute between [Discovery] and [Plaintiff] arising out of or relating to this Account or the relationships resulting from this Account or any other dispute between [Plaintiff] or [Discover][.]" (Doc. 8-1, at 14). *See, e.g.*, *Simon v. Pfizer Inc.*, 398 F.3d 765, 775 (6th Cir. 2005) ("This Court has drawn a clear line between the extensive applicability of general arbitration provisions and the more narrow applicability of arbitration clauses tied to specific disputes. When faced with a broad arbitration clause, such as one covering *any* dispute arising out of an agreement, a court should follow the presumption of arbitration and resolve doubts in favor of arbitration.") (emphasis in original). And again, Plaintiff has not presented any dispute regarding the scope of the agreement.

Third, Plaintiff has not made any argument that brings claims under the Truth in Lending Act ("TILA"), but even if he did, other courts have routinely found them to be arbitrable. *See, e.g.*, *Hendking v. Carvana LLC*, 2022 WL 16695206, at *6 (N.D. Ohio) ("Plaintiff makes no argument that Congress intended for TILA claims to be non-arbitrable. Further, this Court has previously

4

found TILA claims to be arbitrable.") (citing *Willis v. Setjo, LLC*, 2018 WL 4210140, at *3-4 (N.D. Ohio); *Anderson v. Delta Funding Corp.*, 316 F. Supp. 2d 554, 562-68 (N.D. Ohio 2004)), *report and recommendation adopted*, 2022 WL 17100661.

The Court therefore finds Defendant has demonstrated its entitlement to arbitrate the claims at issue in this case.

Defendant further requests that this Court stay the case pending the outcome of that arbitration. Section 3 of the Federal Arbitration Act provides:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

9 U.S.C. § 3. And the Supreme Court has explained that "[w]hen a district court finds that a lawsuit involves an arbitrable dispute, and a party requests a stay pending arbitration, § 3 of the FAA compels the court to stay the proceeding." *Smith v. Spizzirri*, 601 U.S. 472, 478 (2024). The Court will therefore also grant Defendant's request to stay these proceedings pending arbitration.

## CONCLUSION

For the foregoing reasons, good cause appearing, it is

ORDERED that Defendant's Motion to Compel Arbitration and Stay Proceedings (Doc. 8) be, and the same hereby is, GRANTED and Plaintiff is ordered to arbitrate any claims asserted in the instant case against Defendant; and it is

FURTHER ORDERED that this case is STAYED until the conclusion of any arbitration proceedings, and marked administratively CLOSED on the Court's docket; and it is

5

FURTHER ORDERED that the Court shall retain jurisdiction solely for the purpose of confirming, vacating, or correcting any arbitration award upon written motion at the conclusion of any arbitration proceeding; and the Court

FURTHER CERTIFIES, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

 s/ *James R. Knepp II*  
UNITED STATES DISTRICT JUDGE

Dated: May 22, 2025