## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## WESTERN DIVISION

**KIBWE RAYFORD, JR.,**                                      CASE NO. 3:25 CV 388

    Plaintiff,

    v.                                                  JUDGE JAMES R. KNEPP II

**DISCOVER FINANCIAL SERVICES,**

    Defendant.                                          **ORDER**

Currently pending before the Court is Defendant Capital One, N.A., as successor-by-merger to Defendant Discover Bank's Petition and Motion to Confirm Arbitration Award and to Enter Judgment. (Doc. 10).[1] No response has been received from Plaintiff Kibwe Rayford, Jr.

Plaintiff initiated this case in the Lucas County Court of Common Pleas bringing claims regarding his account being sent to collections. *See* Doc. 1-1. Defendant removed the case to this Court (Doc. 1), and then filed an Answer (Doc. 7) and a Motion to Compel Arbitration based on an arbitration agreement in Plaintiff's Cardmember Agreement (Doc. 8); *see also* Doc. 10-1, at 4-5 (Arbitration provision of Cardmember Agreement).

On May 22, 2025, the Court granted Defendant's Motion. *See* Doc. 9. Therein, the Court ordered Plaintiff to arbitrate any claims asserted and:

---

1. Defendant notes that on or about May 18, 2025, Discover Bank merged into Capital One, N.A., (Doc. 10, at 1), and pursuant to the National Bank Act, the surviving entity in a bank merger "shall be deemed to be the same corporation as each bank or banking association participating in the merger" and that all "rights, franchises, and interests of the individual merging banks or banking associations in and to every type of property (real, personal, and mixed) and choses in action shall be transferred to and vested in the receiving association by virtue of such merger without any deed or other transfer," 12 U.S.C. § 215a(e).

> FURTHER ORDERED that this case is STAYED until the conclusion of any arbitration proceedings, and marked administratively CLOSED on the Court's docket; and it is
>
> FURTHER ORDERED that the Court shall retain jurisdiction solely for the purpose of confirming, vacating, or correcting any arbitration award upon written motion at the conclusion of any arbitration proceeding.

*Id.* at 5-6.

Plaintiff then field a Demand for Arbitration with the American Arbitration Association ("AAA"), and arbitration was formally initiated July 31, 2025. (Doc. 10-2). Defendant filed an Answer, Affirmative Defenses, and Counterclaim to the Demand for Arbitration. (Doc. 10-3, at 1-8). On September 26, 2026, the AAA appointed Richard Bales to serve as arbitrator. (Doc. 10-4).

On December 10, 2025, the Arbitrator denied Plaintiff's claims in their entirety, granted Defendant's counterclaim for breach of contract, ordered Plaintiff to pay Defendant $11,744.43 for the outstanding account balance, and further ordered Plaintiff to pay Defendant $3,950.00 in arbitration fees and arbitrator's compensation (Doc. 10-5, at 6).

The Federal Arbitration Act ("FAA") provides:

> If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court **must grant** such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title.

9 U.S.C. § 9 (emphasis added).

The Sixth Circuit interprets §§ 9 and 10 of the FAA as clearly establishing that confirmation or vacatur is to be a summary proceeding, "and [that] the court *must* confirm the award where it is not vacated, modified or corrected." *Wachovia Sec., Inc. v. Gangale,* 125 F. App'x 671, 676 (6th Cir. 2005). The Sixth Circuit outlines the court's role in reviewing an arbitration award as follows:

2

[T]he plain language of the [FAA] presumes that arbitration awards will be confirmed, and our limited role in confirming an arbitration award under the [FAA] is well settled. The parties have contracted for a decision by the arbitrators, not the Court. The standard for judicial review of arbitration procedures is merely whether a party to arbitration has been denied a fundamentally fair hearing. Accordingly, neither the trial court nor [this court of appeals] may reconsider the merits of an award, even when parties allege that the award rests on errors of fact . . . . As a matter of law, the federal courts are merely courts of enforcement where the award has not been vacated, modified or corrected.

*Id.* (internal citations omitted).

Additionally, the FAA requires a party moving for an order confirming, modifying, or correcting an arbitration award to "at the time such order is filed with the clerk for the entry of judgment thereon, also file the following papers with the clerk:"

**(a)** The agreement; the selection or appointment, if any, of an additional arbitrator or umpire; and each written extension of the time, if any, within which to make the award.

**(b)** The award.

**(c)** Each notice, affidavit, or other paper used upon an application to confirm, modify, or correct the award, and a copy of each order of the court upon such an application.

9 U.S.C. § 13.

Defendant states that as of the time of the filing of its Motion, the Arbitrator's award has not been corrected, vacated, or modified. The parties' agreement provides: "Any arbitration award may be enforced (such as through a judgment) in any court with jurisdiction." (Doc. 10-1, at 5). The Motion to Confirm has been filed within one year of the Award and Defendant has filed all items required by 9 U.S.C. § 13.

Defendant has thus established it is entitled to the relief it seeks—confirmation of the Arbitration Award.

For the foregoing reasons, it is

ORDERED that the stay in this case is LIFTED; and it is

FURTHER ORDERED that Defendant's Petition and Motion to Confirm Arbitration Award and to Enter Judgment be, and the same hereby is, GRANTED; and it is

FURTHER ORDERED that the Arbitration Award be, and the same hereby is CONFIRMED, pursuant to 9 U.S.C. § 9 and consistent therewith, Plaintiff is ORDERED to pay Defendant the amount awarded: $15,694.43 ($11,744.43 for the outstanding account balance and ordered Plaintiff to pay Defendant $3,950.00 in arbitration fees and arbitrator's compensation as set forth in Doc. 10-5).

 s/ *James R. Knepp II*
UNITED STATES DISTRICT JUDGE

Dated: July 15, 2026

4